The State v. Lee.

it appear from the course they have adopted to suppose, notice should have been given to the corporation.

2d. The court ought not to award a *certiorari* on the mere prayer of an individual, unless he will previously lay some cause before them tending to show that he is or may be affected by the operation of the by-law, and is, therefore, entitled to question its validity.

*Ogden* and *Frelinghuysen* in reply. The motion is of course, and requires no previous notice to be given to those who it may hereafter appear may be interested. As to a sufficient cause being shown, the court are informed that a question as to the legality of the law is intended to be brought before them for adjudication, and this allegation, coupled with the ground that the prosecutor has been injured by it, is all that is necessary.

[394]     THE STATE v. LEE.

Where a civil action has been commenced to recover the costs of a former suit, and defendant held to bail, and the party proceeds also by attachment, such proceedings are oppressive, and the court will set them aside and discharge the defendant

On attachment, for non-payment of the costs taxed upon the common rule in a *non-pros.*, in an action of ejectment against Kaign and Evaul.

To the last interrogatory, viz., " whether he had paid the costs taxed," the defendant answered, " they were not paid, because an action was brought against him for these costs by the defendants in the ejectment, in which he had given special bail, and the same action is now depending, as he is informed.

*Leake* and *R. Stockton* moved that the defendant might be adjudged in contempt and committed.

1st. This matter, if of any importance to the defendant, should have been shown for cause against issuing the attachment, and at this stage of the proceedings must be presumed to have been then either dismissed or waived by the defendant. After an attachment for non-payment of costs, nothing but swearing to payment of them can purge the contempt.

2d. This process of attachment is in the nature of a civil execution, and cannot be abated or in any manner affected by the circumstance that the party has brought an action for the same thing. It is a collateral and inferior remedy. 4 *Bl. Com.* 285 ; *Rex* v. *Stokes, Cowp.* 136 ; and as the execution is in a superior court, it ought not to be quashed on account of any proceedings in a court of inferior jurisdiction. It would be subjecting the superior to the authority of the inferior.

3d. The proceedings by attachment and by action are but different modes of attaining the same end, and the party is entitled to pursue at the same time all the remedies recognized by law, or either of them singly—as a mortgagee may proceed by action of debt on the bond, ejectment on the mortgage, and bill in equity to foreclose, or which of these remedies he may think it advisable to select.

4th. At any rate, the only ground upon which an objection can be sustained is, that the prosecutors here have already [395] selected a mode of proceeding which is sufficient to afford them redress. If the action is ill brought, or if it is not a legal remedy, or if it should fail, the reasons upon the propriety of this proceeding by attachment may be questioned altogether fail. We have not selected a competent

remedy. The case of *Thrustout* v. *Bedwell,* 2 *Wils.* 7, shows that an action cannot legally be maintained in a case like the present. The proceeding is, therefore, to be considered as a nullity; it cannot affect the attachment, which is the only course left us.

*Read* and *Stewart,* for the defendant. So far from there being any waiver of our right to plead this defence by not opposing the issuing of the writ of attachment, in the first instance, the defendant has much stronger grounds for contending that the plaintiffs, by instituting a civil action, and holding him to bail for these costs, had waived the severer proceeding by attachment. The defendant having put in bail to the action, the question must be considered as if he were actually in custody; and it could scarcely be contended, in such a case, that the court would commit him over again on the attachment.

As to their having misconceived their action, it is a question not now before the court. A suit has been brought for the same costs; and if it was perceived that the remedy which had been selected was not agreeable to law, the plaintiffs should, at least, have discontinued their action. It is now pending before another tribunal, and we cannot now argue before this court whether it is a legal mode of proceeding; nor are we bound to show that the plaintiff has acted in a proper manner; he is estopped from branding his own proceedings as illegal.

The court took until the following day to consider the question.

KINSEY, C. J. In the case argued yesterday, I was, from the first, forcibly struck with the apparent severity and oppressiveness of proceeding by attachment and action for the same [396] remedy at the same time, and reflection has fully confirmed me in the opinion that it is wrong.

Cases were cited by the counsel for the prosecution, from

which it was attempted to infer, by analogy, that there was nothing objectionable in these proceedings, but they did not strike me as clearly applicable. There is no question but that a mortagee may proceed in three different modes, either singly or together, but all *diverso intuitu,* on the bond for the money, by ejectment for the land, or by bill in equity to foreclose the equity of redemption. The case would have been analogous if the counsel had proved that he might proceed by debt and covenant on the bond. The general rule is, that if two actions are brought for the same duty, both shall abate ; and it is immaterial whether or not the declaration is filed.

There is a case reported in *Andrews* 299, more analogous to the present than that just referred to, in which it was held by the court, that a party having elected to bring an action on an award, cannot have an attachment for non-performance of it, without discontinuing the action. See *Hall* v. *Mister,* 1 *Salk.* 84 ; *Stock* v. *Huggens, Hardw.* 98 ; *Badley* v. *Loveday,* 1 *Bos. & Pull.* 81, *accord;* 1 *Salk.* 73, *contra.*

Upon the whole, as the oath of the party is conclusive in this case, as proceedings in ejectment are particularly under the direction of the court—and it forcibly strikes me that this double proceeding is vexatious and oppressive—I am for discharging the defendant. If the action for the costs is discontinued, the prosecutors may then, perhaps, proceed in this manner with propriety. We cannot, in this collateral way, determine whether the action for the costs in another court is a legal or illegal proceeding ; the question is not properly before us.

SMITH, J., concurred.

CHETWOOD, J. Where a party has two legal modes of proceeding for the same remedy, he should make his election, and ought not to be permitted to pursue both at the same time. But, in this case, where there is only one legal procedure, and

[397] that by attachment, no action being maintainable for these costs, the plaintiff ought not to be thus barred.   The case in Wilson is decisive, in my mind, that the action is erroneous ; it is, therefore, to be considered as a nullity.   I am of opinion that Lee should be committed.

Defendant discharged.